Gerrit M. Pronske
State Bar No. 16351640
Melanie P. Goolsby
State Bar No. 24059841
**PRONSKE GOOLSBY & KATHMAN, P.C.**
901 Main Street, Suite 610
Dallas, Texas 75202
(214) 658-6500 – Telephone
(214) 658-6509 – Facsimile
Email: gpronske@pgkpc.com
Email: mgoolsby@pgkpc.com

**PROPOSED COUNSEL FOR THE TRUSTEE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | CASE NO. 16-30427-bjh-7 |
| **SHAWN ERIC SHEARER.,** § | |
| § | CHAPTER 7 |
| Debtor. § | |

**TRUSTEE'S OBJECTION TO EXEMPTIONS**

TO THE HONORABLE BARBARA J. HOUSER,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Scott Seidel, Chapter 7 Trustee in the above-captioned case (the "Trustee"), files this Objection to Exemptions (the "Objection"), and in support of this Objection, would show the Court as follows:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON JULY 18, 2016, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COULSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(B). Venue is proper pursuant to 28 U.S.C. § 1408.

## II. FACTUAL BACKGROUND

2. The Trustee files this Objection contemporaneously with a Motion to Turnover a certain contingency fee collected by the Shearer Firm shortly after the Petition Date and incorporates the facts stated in the Motion to Turnover as if set forth herein.

3. Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 1, 2016 (the "Petition Date").

4. The Debtor, an attorney, is the 100% equity interest holder in The Shearer Law Group, P.C. (the "Shearer Firm") and listed his equity interest in the Shearer Firm in his schedules.

5. On February 1, 2016, the Debtor filed his schedules and statement of financial affairs, including the Schedule C form for property claimed as exempt. [Docket No. 5] The Debtor claimed an exemption for current wages pursuant to Texas Property Code 42.001(b)(1) in the amount of 100% of fair market value, up to any applicable statutory limit. The Debtor's Schedule C does not indicate the current estimated value of Debtor's current wages, and the Debtor did not schedule current wages as an asset on Schedule A/B.

6. The Section 341 meeting of creditors was held and concluded on May 31, 2016.

### III. OBJECTION TO EXEMPTIONS

7. The Texas Property Code provides for the exemption of "current wages for personal services, except for the enforcement of court-ordered child support payments." Tex. Prop. Code § 42.001(b)(1). Once wages are received by the debtor, however, they cease to be current wages and are not exempt from attachment, execution, or seizure for the satisfaction of liabilities as a matter of Texas law. *Schultz v. Cadle Co.*, 825 S.W.2d 151, 153-4 (Tex. App. – Dallas 1992); *Brink v. Ayre*, 855 S.W.2d 44, 45 (Tex. App. – Houston [14th Dist.] 1993). Texas law also distinguishes between current wages and attorneys' fees. The term "current wages" suggests a master-servant relationship, whereas an attorney engaged in private practice is an independent contractor and does not receive current wages. *Brink*, 855 S.W.2d at 45 (citing *Brasher v. Carbation Co.*, 92 S.W.2d 573 (Tex. Civ. App. – Austin 1936) and *Hennigan v. Hennigan*, 666 S.W.2d 322, 324-5 (Tex. App. – Houston [14th Dist.] 1984) ("We find that an attorney engaged in private practice is an independent contractor and does not receive current wages. Thus, his fees for legal services rendered may be garnished.").

8. In the instant case, the Debtor did not disclose the amount of current wages he claims he was owed on the Petition Date, if any at all. To the extent that the Debtor intends to exempt wages he had received and taken into income on or before the Petition Date, such income is non-exempt under applicable Texas law. Similarly, to the extent that the Debtor intends to exempt the specific contingency fee he anticipated to receive through the Shearer Firm on the Petition Date, applicable Texas law establishes that the contingency fee does not fit within the definition of "current wages" and is subject to creditor collection.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court grant this Objection, disallow the current wages exemption as set forth above, and grant the Trustee such other and further relief to which he may be justly entitled.

Dated: June 22, 2016.

>/s/ Melanie P. Goolsby
> Gerrit M. Pronske
> State Bar No. 16351640
> Melanie P. Goolsby
> State Bar No. 24059841
> **PRONSKE GOOLSBY & KATHMAN, P.C.**
> 901 Main Street, Suite 610
> Dallas, Texas 75202
> (214) 658-6500 – Telephone
> (214) 658-6509 – Facsimile
> Email: gpronske@pgkpc.com
> Email: mgoolsby@pgkpc.com
>
> **PROPOSED COUNSEL FOR THE TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 22, 2016, a true and correct copy of the foregoing pleading was served via first class mail upon the party listed below and by ECF email upon all parties accepting such service.

Shawn Shearer
3301 Sale Street #321
Dallas, Texas 75219

>/s/ Melanie P. Goolsby
> Melanie P. Goolsby